JUSTIN CRAFTS, plaintiff in error, *v.* EPHRAIM HALL *et al.*, defendants in error.

*Error to De Kalb.*

It is a well established doctrine, that equity will never award a new trial at law, except in cases where manifest fraud is shown, or where gross injustice has been done.

A court of equity will not undertake to question the correctness of a judgment at law, for irregularity.

Where a constable, in charge of a jury who had retired to consider of their verdict, told them that the judge had instructed him to inform the jury, that unless they agreed upon their verdict in fifteen minutes, they must leave the room they occupied; and a short time afterwards, the same officer told the jury the judge had again directed him to say to them, that if they did not agree in five minutes, they must leave the room they occupied; and there was no other comfortable room to which they could go; and shortly afterwards the jury agreed upon their verdict: *Held,* that these facts did not authorize a court of equity to set aside the verdict, and grant a new trial.

THIS cause was heard in the Court below, at the June term, 1841, before the Hon. Thomas Ford.

The facts sufficiently appear in the opinion of the Court.

H. BROWN, for the plaintiff in error:
Courts of chancery will not interfere except in extraordinary cases. 3 Johns. Ch. R. 275; 6 Johns. Ch. R. 235; 7 Johns. Ch. R. 174; 1 Johns. Ch. R. 91; 2 Scam. 418.

A bill to vacate a judgment at law can only be sustained where a bill of review would; such bills are always discountenanced. 1 Mad. Ch. Pract. 210. A bill of review can only be sustained in particular cases. 2 Mad. Ch. Pract. 537, and the cases there cited.

In a bill of review the complainant cannot allege that the decree is against the proofs in the case. 2 Mad. Ch. Pract. 538. Courts of equity will only set aside a judgment when it appears injustice has been done. 1 Mad. Ch. Pract. 301, note.

Courts of chancery will not relieve against the acts of a drunken man, unless unfair advantage is taken of him. 1 Mad. Ch. Pract. 301–2, and the cases there cited.

O. PETERS, for the defendants in error:
Any interference with the jury, or any of them, that may effect their verdict, is cause for a new trial. Knight *v.* Inhabitants of Freeport, 13 Mass. 218.

See particularly Sargeant *v.* Roberts *et al.*, 1 Pick. 337, and authorities cited by Sullivan *arguendo.*

The direct effect of the messages delivered to the jury, was to hasten their deliberations, and leave their minds less free to act.

This Court will not interfere with the decision of the Circuit

Court in granting a new trial, by reason of the smallness of the damages or otherwise. Brookbank *v.* Smith, 2 Scam. 78. The same rule should apply in all cases, whether application is made to the Circuit Court by motion, or by bill in equity, as in this case.

The constable was the organ of the Court to communicate with the jury. His duty was not to speak to the jury, but to ask them if they had agreed, except by the direction of the Court. The messages delivered by the constable must then have had the same effect as if they had in fact been sent by the judge,· whether it were so or not.

TREAT, Justice, delivered the opinion of the Court: (1)

At the October term, 1838, of the De Kalb Circuit Court, an action of *trespass* was tried, in which Crafts was plaintiff, and the Halls defendants. The jury found a verdict for Crafts for $16, and the Court rendered judgment thereon. In ʻJuly, 1839, the Halls filed their bill in chancery against Crafts, alleging that in the suit at law, after the jury had retired to consider of their verdict, while deliberating, and before agreeing upon their verdict, the constable in charge of the jury told them that the judge had instructed him to inform the jury, that unless they agreed upon their verdict in fifteen minutes, they must leave the room they occupied ; that, a short time afterwards, the officer told the jury the judge had again directed him to say to them, that if they did not agree in five minutes, they must leave the room ; that these messages were delivered to the jury late in the evening, the weather being cold, and if the jury had been compelled to leave the room, there was no other comfortable room to which they could have been taken ; that the jury were influenced by these messages from the officer to find the verdict for Crafts, and would otherwise have found for the complainants. The bill further alleges, that the complainants did not know of this interference with the deliberations of the jury, until the term of the Court had closed ; and concludes with a prayer that the verdict may be set aside, and a new trial granted.

At the June term, 1840, Crafts filed his demurrer to the bill, which was overruled by the Court. He then filed his answer denying the allegations of the bill. It appears, from the depositions taken in the cause, that four of the jurors were examined. They state, that after deliberating for one or two hours on the case, the constable in charge of the jury made the statements to them as charged in the bill ; that they found their verdict in a few minutes afterwards ; but they positively deny that these statements of the officer had the least influence upon the jury, in making their verdict. This is all the testimony in relation to the interference with the jury. At the June term, 1841, the cause was heard, and the Court awarded a new trial in the suit at law. To reverse that decision a writ of error is prosecuted to this Court.

(1) WILSON, Chief Justice, was not present at the hearing of this cause.

The question now arises, was the interference, in this case, with the deliberations of the jury, such an irregularity as to vitiate the verdict? Courts are always disposed to set aside verdicts where the interference proceeds from a party in the cause, or where, coming from any other source, it influences the verdicts of the jury. In this case, there is no proof that Crafts was a party to the interference, or that it had the slightest influence in determining the verdict.

There is another view of the case which is decisive. It is a well established doctrine, that equity will never award a new trial at law, except in cases where manifest fraud is shown, or where gross injustice has been done. (1) Nor will a court of equity undertake to question the correctness of a judgment at law, for irregularity. (2) The power to correct the irregularity is confined to the court at law, which has a sound discretion in the matter. That discretion can be always exercised, when a proper case is presented.

The decree of the Circuit Court is reversed with costs.

*Judgment reversed.*